GREENBURG et al. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. August 29, 1918. Rehearing Denied November 1, 1918.)

No. 2563.

1. CRIMINAL LAW ⊕═══1167(2)—AFFIRMANCE—INDICTMENTS.
    A general conviction on several counts will not be disturbed, because of defects in some of the counts, where there is one good count.

2. BURGLARY ⊕═══18—THEFTS OF INTERSTATE FREIGHT—INDICTMENT.
    An indictment charging that defendants, in violation of Comp. St. 1916, § 8603, unlawfully broke the seals on a car containing an interstate shipment, in transit from North Carolina to Peoria, in Illinois, etc., and Kansas City, in Missouri, which car was then and there in the possession of the Southern Railway Company, etc., is not defective; the use of the word "there," in connection with the railroad company, not rendering the indictment a mere charge of theft from a car in Kansas City, Mo.

3. CRIMINAL LAW ⊕═══878(4)—VERDICT—REPUGNANCY.
    Where defendants were convicted of violating Comp. St. 1916, § 8603, under indictments charging, in various counts, that they broke the seal of a box car containing an interstate shipment, that they entered the car, that they stole therefrom, and that they had possession of the stolen property, the verdict was not repugnant, on the theory that a conviction on the last count was inconsistent with conviction on the other counts.

4. BURGLARY ⊕═══41(1)—THEFT FROM INTERSTATE CARS.
    In a prosecution under Comp. St. 1916, § 8603, for breaking the seal of a car containing interstate shipments and entering and stealing therefrom, etc., evidence held to support the conviction.

In Error to the District Court of the United States for the Eastern District of Illinois.

Max Greenburg and others were convicted of violating Comp. St. 1916, § 8603, and they bring error. Affirmed.

Plaintiffs in error were tried and convicted on eight counts of an indictment charging violations of section 8603, U. S. Comp. St. 1916. Each was sentenced to serve five years in the penitentiary, and to pay the costs of prosecution.

William S. Forrest, of Chicago, Ill., and R. Allan Stephens, of Danville, Ill., for plaintiffs in error.

Charles A. Karch, of E. St. Louis, Ill., and McCauley Baird, of Olney, Ill., for defendant in error.

Before KOHLSAAT and EVANS, Circuit Judges, and LANDIS, District Judge.

---

⊕═══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

EVAN A. EVANS, Circuit Judge. [1] The conviction on the first four counts of the indictment is especially attacked because the evidence fails to support the charge. While not admitting the correctness of this position, the government, relying on Powers v. United States, 223 U. S. 303, 32 Sup. Ct. 281, 56 L. Ed. 448 (holding that one good count is sufficient to warrant affirmance, where the conviction is a general one, as here), asserts that the last four counts are free from successful attack, and each of them affords support for the judgment pronounced in this case. Our attention can therefore be directed to the last four counts, one of which, No. 5, is herewith set forth (paragraphing and italics taken from brief of plaintiffs in error).

Barring allegations which set forth the names of the plaintiffs in error and the time of the offense, the indictment proceeds:

### Count 5.

Par.
1   in the county of St. Clair, in the state of Illinois, in the Eastern District aforesaid and within the jurisdiction of said court,
2   did unlawfully and feloniously break the seal of a certain railroad car then and *there* bearing the name and number, to wit: "Southern 38005."
3   which said car then and *there* contained an interstate shipment of freight, to wit: A large quantity of cigarettes,
4   then and *there* consigned and in transit from Winston-Salem, in the state of North Carolina, to Paris, and Peoria, in the state of Illinois, and Bagnell, Saint Louis, and Kansas City, in State of Missouri,
5   which said railroad car was then and *there* in the possession of the Southern Railway Company, a corporation and common carrier then and there being,
6   with the unlawful and felonious intent then and *there* in them, the said [here naming all the defendants] and each of them, to then and *there* commit larceny in said car.

As to the last four counts of the indictment, plaintiffs in error contend: (a) That each count of the indictment fails to state an offense of which the court had jurisdiction. (b) That the evidence fails to support a conviction on any one of said counts. (c) That the court erred in its charge to the jury. (d) That the verdict is repugnant due to the fact that the plaintiffs in error are found guilty on each of the counts in the indictment, whereas the eighth count is repugnant to each of the other counts.

[2] The attack upon the sufficiency of the indictment to set forth a crime arises out of the use of the word "there" in the fifth paragraph quoted above, it being plaintiff's contention that this word refers to Kansas City, Mo. In other words, it is claimed that the government charged the plaintiffs in error with having stolen a large quantity of cigarettes from a box car in Kansas City, Mo.

As we construe this count and the others similarly worded, so far as the use of the word "there" is concerned, we unhesitatingly conclude that the government charged the plaintiffs in error with unlawfully breaking the seal of a box car located in the county of St. Clair, state of Illinois; that paragraphs 3 and 5 refer back to paragraphs 1 and 2, and contain descriptive clauses modifying the car referred to in paragraph 2. So construed, the indictment is sufficient.

[3] The contention that the verdict is repugnant for the reason that a conviction on count 8 is necessarily inconsistent with a conviction on counts 5, 6, and 7, must fail for want of support in fact. Count 5 charges plaintiffs in error with breaking the seal of a box car; count 6 charges these same parties with entering the box car with intent to 'steal; while count 7 charges them with having stolen cigarettes from the box car. Count 8, which it is claimed is inconsistent with the other three, charges plaintiffs in error with having in their possession a large quantity of cigarettes. It is quite apparent to us that count 8 is in no way inconsistent with either count 5 or count 6, and it is therefore not even necessary to consider the asserted repugnancy between counts 8 and 7. There being two perfectly good counts, either one of which is sufficient to support the sentence, this assignment of error must be overruled.

We conclude the evidence supports the verdict.

[4] Plaintiffs in error did not testify in their own behalf. The testimony introduced by the government clearly justified the jury in finding: That there was a shipment of cigarettes of the Camel brand from North Carolina to Peoria, Ill.; that the car containing such shipment arrived in East St. Louis on June 9, 1917, seal intact, was there duly checked and found undisturbed; that such car remained in East St. Louis until June 16, 1917, when a new check was made, disclosing a cut seal and a shortage of same 32 cases of cigarettes; that on the night of June 9th or 10th, plaintiffs in error, who made a practice of breaking into box cars and stealing therefrom, selling the loot, and dividing the spoils, broke into several box cars in the yards wherein the car in question was located, and took therefrom many cases of cigarettes, also of the Camel brand, which were later sold to a retailer.

It further appears from the record that this car seal was identified as $\dfrac{R\ J\ R}{6}$, while the witness who testified against his co-conspirators described the seal of the car that was entered as being $\dfrac{R\ J}{6}$. This discrepancy in the identification of the seal hardly justifies the argument of the counsel that the testimony affirmatively and conclusively establishes the innocence of his clients. The similarity in the identification marks suggests a corroboration of the witness' other testimony rather than a negation thereof. Taken altogether, the evidence presented a jury question.

The contention that the evidence fails to show the car was routed as shown in count 5 must also be rejected. The undisputed facts, and such inferences as legitimately flow therefrom, amply justified the jury in finding the car traveled the route charged in the indictment.

The criticism of the charge to the jury is predicated upon a false assumption of fact.

Our failure to consider the first four counts of the indictment should not be construed as indicative of an opinion that the plaintiffs in error were not guilty of the crimes therein charged. Likewise it should not be assumed that we consider a conviction on count 8 as repugnant to

a finding of guilty on count 7. It is simply unnecessary to consider these questions in order to affirm the judgment.

The judgment is affirmed.