### NUDELMAN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.   May 3, 1920.)

No. 3434.

1. **Indictment and information ⊕⟶202(1)—Objection after verdict to description of bailee of stolen goods is too late.**

   An indictment, under Act Feb. 13, 1913 (Comp. St. §§ 8603, 8604), for larceny from an interstate carrier, which alleged that the property was stolen from a described railroad car in the freight yards of a named railroad, a common carrier, and was a part of an interstate shipment, sufficiently describes the bailee of the goods, in the absence of objection for incomplete description before trial and verdict.

2. **Criminal law ⊕⟶1167(2)—Failure to elect between offenses harmless, where only one sentence was imposed.**

   Error in failing to require the district attorney to elect whether he would proceed on a count for the larceny of goods from an interstate carrier, or on counts for receiving goods stolen from such carrier, is harmless, where the trial court imposed punishment for one offense only.

3. **Larceny ⊕⟶40(5)—Proof of theft from freight house under railroad administration held not fatal variance from indictment.**

   Variance between an indictment alleging larceny of goods from a freight car in the yards of a named railroad company and proof showing that the goods were taken from the freight house of the railroad, which was then under control of the United States Railroad Administration, is not a fatal variance, since it could not have misled accused to his injury.

4. **Larceny ⊕⟶15(3)—Agent to receive, who took with intent to steal, is guilty.**

   An authorized agent of the consignee to receive and receipt for the goods is guilty of larceny of the goods from an interstate carrier, if he took possession of them without giving a receipt therefor, and with intent at the time he took possession to steal.

In Error to the District Court of the United States for the District of Oregon; Charles E. Wolverton, Judge.

Harry Nudelman was convicted of larceny from an interstate carrier, and he brings error.   Affirmed.

John Manning and Roscoe C. Nelson, both of Portland, Or., for plaintiff in error.

Lester W. Humphreys, U. S. Atty., and John C. Veatch, Asst. U. S. Atty., both of Portland, Or.

Before GILBERT and HUNT, Circuit Judges, and VAN FLEET, District Judge.

GILBERT, Circuit Judge.   Under the Act of February 13, 1913, 37 Stat. 670 (Comp. St. §§ 8603, 8604), the plaintiff in error was indicted and convicted on six counts.   The first count charged that he did, on a date named, steal, carry away, and conceal 72 described rubber inner tubes for automobile tires from a railroad car initialed and numbered G. T. 10457, being in the freight yards of the Oregon-Washington Railroad & Navigation Company, a common carrier, in Portland, Or., and then and there being a part of an interstate shipment of freight from a named factory at Detroit to a named consignee

⊕⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

at Portland, Or., over the lines of said railroad company, and connecting carriers, and being in the control of said railroad company. The other five counts charged the defendant with knowingly, unlawfully, willfully, and feloniously having in his possession at certain dates between January 11 and February 2, 1919, certain portions of the said rubber inner tubes for automobile tires. In submitting the case to the jury, the trial court was in doubt whether the jury should be instructed that if they found the defendant guilty on the first count they should disregard the other counts, or if they found him guilty on the other counts they should disregard the first, but was of the opinion that, as all the counts grew out of the same transaction, the jury might find the defendant guilty or not guilty on each, and that it would be for the court, if the defendant were found guilty on more than one count, to administer but one punishment in either event, which punishment would not exceed the maximum punishment fixed by the statute. The sentence imposed, therefore, was confinement in the penitentiary for a term of 13 months.

[1] It is contended that the first count is fatally defective for failure to describe the bailee or custodian of the goods. The indictment charges that the goods were in the freight yard of the Oregon-Washington Railroad & Navigation Company, a common carrier, and by proper averments it alleges that they were a part of an interstate shipment of freight from Detroit to Portland. If the plaintiff in error had desired a more complete description of the custodian of the goods, he should have applied for a bill of particulars. His objection comes too late after trial and verdict on the evidence.

[2] It is said that the plaintiff in error could not be guilty of stealing, and at the same time be guilty of receiving the stolen property, and that the court below erred in not requiring the district attorney to elect whether he would proceed on the first count or on the other five. Whether or not the plaintiff in error was entitled to such election is unimportant, in view of the action of the trial court in imposing punishment for one offense only, notwithstanding that there were six counts. Powers v. United States, 223 U. S. 303, 32 Sup. Ct. 281, 56 L. Ed. 448; Morris v. United States, 229 Fed. 516, 143 C. C. A. 584.

[3] It is contended, also, that as to the first count there was a fatal variance between the allegations and the proof—first, in that the indictment charged that the goods were stolen from a certain designated car standing in the freight yard, whereas the evidence was that the goods were stolen from a freight house in the freight yard; and, second, in that the indictment alleged that the goods were taken from the custody and control of the Oregon-Washington Railroad & Navigation Company, and the evidence was that they were taken from the custody and control of the United States Railroad Administration as the operator of said railroad. These objections were first presented after all the testimony had been taken. In our opinion they are insufficient to invalidate the judgment, and that after verdict they are cured by the operation of section 1025, Rev. Stat. (Comp. St. § 1691). It was not a substantial variance between pleading and proof that the goods were taken from a freight house in the freight yard of the

railroad company instead of from a designated car in the yard. While in the freight house they were still in the custody of the railroad company. Nor was it a fatal variance that the railroad company named in the indictment was then under the management of the United States Railroad Administration. The administration was operating the road as the railroad of the Oregon-Washington Railroad & Navigation Company, issuing tickets and bills of lading and carrying on the business in the name of that company, and this was matter of common knowledge.

The essential elements of the offense were stated with sufficient particularity to inform the accused of what he must meet, and to enable him to plead the judgment in bar of further prosecution. One of those essential elements was that the stolen goods must have been taken from a common carrier. Another was that the carrier must have been engaged in interstate commerce. The proof met these allegations. It was shown that the goods were taken from the yard of a common carrier, and that they had been brought there in interstate commerce by a common carrier. The plaintiff in error could not have been misled to his injury by either of the particulars in which the proof differed from the form of the charge. United States v. Stevens, 4 Wash. C. C. 547, Fed. Cas. No. 16394; Harrison v. United States, 200 Fed. 662, 119 C. C. A. 78. A similar indictment is found in Greenburg v. United States, 253 Fed. 728, 165 C. C. A. 322.

[4] It is argued that, inasmuch as the plaintiff in error was the regularly authorized agent of the consignee to receive and receipt for goods consigned to it, he could not be guilty of stealing the goods. There was evidence that the carrier in its course of business required the plaintiff in error, when receiving goods consigned to his principal, to sign receipts for the same. In this instance no receipt was given. This and other evidence tended to show that the intention to steal the goods existed at the time when the goods were taken. The court in substance instructed the jury that, to render the plaintiff in error guilty, the property carried away must have been taken with the intention on his part to convert the same to his own use. If he had that intention at that time, the original taking involved the trespass necessary to constitute the offense of larceny, even if the gist of his offense had been the felonious taking from the owner of the goods, instead of a felonious taking from the carrier. Weisberg v. United States (App. D. C.) 258 Fed. 284.

The judgment is affirmed.