PEOPLE *v.* SEKELYN.

1. CRIMINAL LAW—ILLEGAL PRACTICE OF MEDICINE—INFORMATION —SUFFICIENCY—FAILURE TO OBJECT.

In a prosecution for illegally practicing medicine, assignments of error relating to the information will not be considered, where defendant pleaded to the information and in no way questioned its sufficiency in the lower court.

2. SAME—EVIDENCE—ADMISSIBILITY.

Where evidence came in without objection, assignment of error relating thereto will not be considered.

3. SAME—REMARKS OF COUNSEL—TRIAL.

Where no exception was taken to a remark of counsel, assignment of error relating thereto will not be considered.

4. SAME—FAILURE TO STRIKE TESTIMONY.

Where no motion was made to strike or withdraw from the consideration of the jury any testimony, assignment of error relating thereto will not be considered.

5. SAME—DIRECTED VERDICT.

Where there was no motion for a directed verdict and defendant's requests to charge recognized an issue of fact for the jury, assignments of error complaining of the submission of the case to the jury will not be considered.

6. SAME—NEW TRIAL—WEIGHT OF EVIDENCE.

In the absence of a motion for a new trial, the Supreme Court will not weigh the evidence.

7. SAME—EVIDENCE—SUFFICIENCY.

Evidence *held*, sufficient to support the verdict of guilty.

8. SAME—TRIAL—INSTRUCTIONS — "PRACTICE OF MEDICINE" — EXCEPTIONS.

An instruction defining the "practice of medicine" in the language of the statute (2 Comp. Laws 1915, § 6732), without adding the exceptions thereto recognized by the

courts with regard to gratuitous and humane acts inno-
cently done, while erroneous, *held,* not prejudicial, where
the testimony showed that the acts charged as constituting
the offense did not fall within such exceptions.

Error to recorder's court of Detroit; Heston (William M.), J. Submitted October 14, 1921. (Docket No. 189.) Decided February 8, 1922. Rehearing denied June 17, 1922.

Mary Sekelyn was convicted of illegally practicing medicine, and sentenced to imprisonment for 6 months in the Detroit house of correction. Affirmed.

*Frank C. Moriarty,* for appellant.

*Merlin Wiley,* Attorney General, *Paul W. Voorhies,* Prosecuting Attorney, and *W. McKay Skillman,* Assistant Prosecuting Attorney, for the people.

CLARK, J. The information contained two counts, one for practicing medicine without a license, the other for holding out to the public, without a license, as being able to cure diseases, contrary to 2 Comp. Laws 1915, § 6730 *et seq.* The information followed the language of the statute. At the conclusion of the proofs, upon motion of the defendant, the case went to the jury upon the first count only. Defendant, Mary Sekelyn, was convicted and has appealed.

Assignments of error relating to the information, admission of evidence, remark of counsel, failure to strike testimony, and submitting the cause to the jury, will not be considered because defendant pleaded to the information and in no way questioned its sufficiency in the lower court; the evidence came in without objection; no exception was taken to the remark of counsel; there was no motion to strike or withdraw from the consideration of the jury any testimony; and there was no motion for a directed verdict and defendant's requests to charge recognized an issue of fact for the jury. There was evidence to support the

verdict, but we may not weigh the evidence, there being no motion for a new trial.

Error is assigned upon a portion of the charge wherein the court defined "the practice of medicine." The statutory definition was given:

"The actual diagnosing, curing, or relieving in any degree, or professing or attempting to diagnose, treat, cure or relieve any human disease, ailment, defect or complaint, whether of physical or mental origin, by attendance or by advice, or by prescribing or furnishing any drug, medicine, appliance, manipulation or method, or by any therapeutic agent whatsoever." 2 Comp. Laws 1915, § 6732.

Of this it was said in *Locke* v. *Ionia Circuit Judge*, 184 Mich. 535:

"This sweeping effort at definition, with all provisions 'otherwise' taken into account, would render criminal numerous gratuitous and humane acts of relief and kindness to the suffering common amongst mankind in all ages and places."

And it has been said that some things within this statute category may be innocently done. See *People* v. *Watson*, 196 Mich. 36. For correct definition, the exceptions made in the cases cited should be added to the language of the statute. But was defendant prejudiced by the instruction?

The defendant conducted a public bath house. Mrs. Bazan being ill went there and remained three weeks. There seems to have been no prior acquaintance between these women. They were of different foreign tongues, though they could speak some English. Mrs. Bazan testified that upon going to the bath house defendant expressed an opinion respecting the cause of the illness, that during her stay she had a room and baths, and that:

"She was giving tablets, too. I was getting tablets and a glass of medicine each night."

and that "she called it medicine," and upon being

shown a bottle containing a liquid she said "Yes, that is the medicine I got from her." Mrs. Bazan paid defendant two dollars per day, one dollar for room and one dollar for baths. No separate charge was made to her for the medicine.

Another witness testified that upon going to the bath house, defendant stated that she could not tell his ailment until he had stayed a week. He stayed two weeks, and he said:

"Q. Did she give you anything to take?

"A. Yes, sir, at night when we got to bed, a man would give us medicine in a bottle, and she gave us pills.

"Q. Did you pay her money for that?

"A. Yes, sir, I gave her two dollars a day, without my grub. * * *

"Q. You don't know whether it was medicine or what it was, do you?

"A. She gave me that for medicine and people drank it, and I drank it also. * * *

"Q. How much did you pay?

"A. Two dollars a day.

"Q. That was for what, a dollar for the bath and a dollar for the room?

"A. One dollar for the room and one dollar for the bath and the eating is separate. It is quite a big bath house, large in rear. On the outside of it there is a large sign, that says: 'Mary Sekelyn, Bath House.' "

Defendant denied furnishing or giving medicine of any kind. Upon this record there is no room for the exception above noted as to "gratuitous and humane acts of relief and kindness." Therefore the failure of the trial court to note such exception was not prejudicial to defendant. The other assignments of error are without merit.

Judgment affirmed.

FELLOWS, C. J., and WIEST, STONE, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.