PEOPLE *v.* GRIFFIN.

1. CRIMINAL LAW—INTOXICATING LIQUOR—INFORMATION—DEFECT—
AMENDMENT—APPEAL AND ERROR.
    In a prosecution for violating the liquor law, an objec-
    tion that the second count omitted defendant's name and
    the place of the commission of the offense is not available
    where made for the first time in this court, since, had the
    defect been called to the attention of the trial court, it
    could have been corrected under 3 Comp. Laws 1915, §§
    15745, 15747.

2. SAME—TRIAL—INSTRUCTIONS—ABSENCE OF REQUEST TO CHARGE.
    Omission by the trial court to instruct the jury in refer-
    ence to defendant's claim that he was not in the city
    on one occasion when witness for the people testified
    he got liquor from defendant and another was not
    reversible error, where no request thereon was preferred,
    and the jury were instructed that defendant was not
    chargeable with the acts of others unless he knew about
    them or had a part in the transaction; there being proof
    warranting his conviction though he did not personally
    furnish the liquor.

3. WITNESSES—IMPEACHMENT—REPUTATION—BASIS OF OPINION.
    The absence of unfavorable utterances forms a sufficient
    basis on which to predicate an opinion that a person
    has a good reputation, but when it is assailed it must
    appear that the witness has heard derogatory expressions
    in order to entitle him to express an opinion.

Exceptions before judgment from Berrien; White
(Charles E.), J.    Submitted June 15, 1922.    (Dock-
et No. 92.)    Decided July 20, 1922.

Harry Griffin was convicted of violating the liquor
law.    Affirmed.

*John J. Sterling,* for appellant.

*Charles W. Gore,* Prosecuting Attorney, for the people.

SHARPE, J. The defendant reviews his conviction of a violation of the prohibition law on exceptions before sentence. In the first count he was charged with keeping for sale and having in his possession spirituous and intoxicating liquor at the city of Niles on June 10, 1921. The second count reads as follows:

"And the said Charles W. Gore, prosecuting attorney, who prosecutes as aforesaid, further gives the court to understand and be informed that on or about the 10th day of June, 1921, and at divers other times between the 10th day of April, 1921, and the 10th day of June, 1921, did then and there keep a place where intoxicating liquors are sold and kept for sale."

1. The sufficiency of this count is assailed. As will be observed, it omits the defendant's name and the place, except as stated in "then and there keep," etc. This defect was not called to the attention of the trial court. It could have been corrected by an amendment (3 Comp. Laws 1915, §§ 15745, 15747). The objection comes too late. *People* v. *Warner,* 201 Mich. 547; *People* v. *Corsi,* 216 Mich. 65; *People* v. *Sekelyn,* 217 Mich. 341.

2. Defendant testified, as did other witnesses, that he was not in Niles on one of the occasions on which Joseph Goodman, the principal witness for the prosecution, testified he got intoxicating liquor from him and another in his employ. At the conclusion of the charge, the prosecuting attorney suggested to the court:

"Just a word about the time the crime occurred— not being that particular date.

"*The Court:* I do not think it is very material in this case."

Counsel for the defendant then suggested:

"And consider the alibi, too.

"*The Court:* I think I will leave it right where it is."

Had a proper request been preferred, it would doubtless have been given. Under the proofs, the jury might have convicted the defendant though satisfied that he did not personally furnish the liquor to Goodman. The jury were instructed that he was not chargeable with the acts of others unless he knew about them or had a part in the transaction. Under the record as made, the omission to charge does not constitute reversible error.

3. William Lordan was called as a witness to impeach Goodman. On cross-examination, he testified that he had never talked with any person in Niles about Goodman, that he judged "a man from his work and the way he performs it." It was apparent that he had no information as to Goodman's general reputation for truth and veracity in the community in which he lived, and there was no error committed in striking out the answer elicited on his direct-examination that Goodman's reputation was "no good. I would not believe Mr. Goodman under oath." The absence of unfavorable utterances forms a sufficient basis on which to predicate an opinion that a person has a good reputation. But when it is assailed, it must appear that the witness has heard derogatory expressions in order to entitle him to express an opinion. 3 Wigmore on Evidence, § 1980.

The other assignments have had consideration. No reversible error appears. The conviction is affirmed. The trial court will proceed to judgment.

FELLOWS, C. J., and WIEST, MCDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.