### YUCAS v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. July 20, 1922.)

No. 3084.

1. **Criminal law 15—Repealed statutes in force for prosecution to collect penalty incurred prior to repeal.**

   In a prosecution for selling liquor without having paid the special tax required by Act Feb. 24, 1919, § 1001 (Comp. St. Ann. Supp. 1919, § 5980o), and Act Nov. 21, 1918, a contention that these acts were repealed was without merit, in view of Act Feb. 25, 1871, § 4 (Comp. St. § 14), providing that the repeal of a statute shall not have the effect of extinguishing any penalty or liability incurred thereunder unless the repealing act shall so expressly provide.

2. **Criminal law 1177—Where punishment on conviction under three counts was authorized on conviction under any one, no error, though all three based on same offense.**

   Where the punishment was such as might have been imposed on conviction under any one of the counts in question, a contention that defendant was convicted and sentenced under three counts, each of which was based on the same act, was without merit.

3. **Criminal law 1170½(5)—Where witness' direct testimony was not disputed, not prejudicial to impeach on extraneous matter.**

   Where the facts brought out by witness on direct examination were not disputed, it was not prejudicial to cross-examine on extraneous matter, and then impeach the credibility of this cross-examination.

In Error to the District Court of the United States for the Southern Division of the Southern District of Illinois.

Joe Yucas was convicted of violating the liquor laws, and he brings error. Affirmed.

John G. Friedmeyer, of Springfield, Ill., for plaintiff in error.
Edward C. Knotts, of Springfield, Ill., for the United States.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Defendant was convicted (a) of selling distilled spirits without having paid the special tax as required by law; (b) of selling liquor without having paid the special tax required by section 1001 of the Act of Congress approved February 24, 1919 (Comp. St. Ann. Supp. 1919, § 5980o); (c) of selling, on July 30, 1919, intoxicating liquor in violation of the Act of Congress approved November 21, 1918 (40 Stat. 1045). He was sentenced to pay a fine of $800 and to serve seven months in the county jail.

Four assignments of error are presented, based upon (1) insufficiency of the evidence to support the verdict; (2) repeal of the law prior to prosecution; (3) improper cross-examination of witness; (4) excessive punishment. An examination of the evidence convinces us that there was ample support for the verdict of the jury.

[1] The contention that the various acts violated were repealed prior to the prosecution of this action is without merit. Section 4, Act of February 25, 1871 (Comp. St. § 14), reads as follows:

"The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the

repealing act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."

See Lang v. United States, 133 Fed. 201, 66 C. C. A. 255.

[2] Defendant also urges error because he was convicted and sentenced upon three counts of an indictment; each count being based upon the same wrongful act. While this statement is not supported by the record, it is sufficient to say that, the punishment being such as might have been imposed upon conviction under any one of the counts, no error is shown. Greenburg v. United States, 253 Fed. 728, 165 C. C. A. 322; Powers v. United States, 223 U. S. 303, 32 Sup. Ct. 281, 56 L. Ed. 448.

[3] It is finally contended that the court erred in permitting the cross-examination of defendant's witness, and in admitting testimony disputing the statement given upon such cross-examination. This witness testified to a fact thoroughly established by other witnesses. She said that she ran a boarding house, and that defendant, her uncle, came to her house about the middle of June, and remained there the rest of the month, going to the hospital every day or two to have his arm treated and dressed. During the month of August he went out sometimes, but stayed at home nights and most of the daytime. This testimony was in harmony with other testimony on the same subject, and not disputed by the government.

On cross-examination this witness was asked if she had not been arrested and charged with selling a prohibition agent two drinks of white mule whisky, and replied, "I didn't sell any moonshine, and I can't read or write English." A written statement was then produced, and the witness stated that the officers took her before the district attorney, who "asked me questions, and wrote down something, and read it to me"; the paper shown being identified as the statement. Thereafter the district attorney testified that the witness had been brought before him and made a statement, which he wrote down and she signed, in which statement she stated that she had sold a prohibition agent two drinks of white mule whisky; that she had about half a pint of such whisky in her soft drink parlor at the time.

Conceding that it was cross-examination on an extraneous matter, the important fact brought out upon the direct examination was not a disputed one on the trial, and the witness' impeachment could not, therefore, have prejudiced defendant's cause.

Judgment is affirmed.