PEOPLE v. JURY.

1. CRIMINAL LAW—PLEADING—WAIVER.
    Defendant, by pleading guilty to charge against him when he
    was arraigned, waived any defect in prior proceedings.

2. SAME—NEW TRIAL—INSANE PERSONS—ABUSE OF DISCRETION.
    Where defendant pleaded guilty when arraigned, and his in-
    sanity was not suggested to court by his conduct or by
    counsel defending him, and record is convincing that he under-
    stood what he was doing and desired to accomplish, denial
    of motion for new trial on ground of insanity was not abuse
    of discretion.

Error to Genesee; Black (Edward, D.), J. Sub-
mitted October 16, 1930. (Docket No. 149, Calendar
No. 34,710.) Decided December 2, 1930. Rehearing
denied February 27, 1931.

Amos Jury was convicted of an attempt to mur-
der. Affirmed.

*Frank P. Darin* and *Leroy W. Belongy,* for appel-
lant.

*Wilber M. Brucker,* Attorney General, *Charles D.
Beagle,* Prosecuting Attorney, and *Philip Elliott,*
Assistant Prosecuting Attorney, for the people.

POTTER, J. Defendant was arrested for an at-
tempt to kill and murder one Everett Bailer. After
his arrest he freely made a full and complete con-
fession and accounted, in a reasonable way, for his
conduct. When informed against he pleaded guilty
and was sentenced to be confined in the State prison
at Jackson. After sentence, defendant was trans-
ferred to the Michigan asylum for criminal insane

at Ionia. A motion for a new trial was heard and denied. Defendant brings error.

Two questions are raised: *First,* that the complaint, warrant, and arrest of defendant and all subsequent proceedings are void because the complaint made against him was not signed and sworn to. When defendant was arraigned and informed against he pleaded guilty to the charge made against him in the information and thus waived any defect in the prior proceedings. *Second,* it is claimed defendant was insane at the time of the commission of the offense and at the time of his arrest, arraignment, plea, and sentence. The record is convincing that defendant understood what he was doing and desired to accomplish. His insanity was not suggested to the court by conduct or by counsel appointed to defend him. The court did not abuse its discretion in refusing to grant a new trial. We find no error in the proceedings. Conviction is affirmed.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.