**RICH et al. v. UNITED STATES.**

No. 2729.

Circuit Court of Appeals, First Circuit.

Jan. 10, 1933.

Essex S. Abbott, of Boston, Mass. (Jacob H. Berman, of Portland, Me., and Joseph V. Carroll, of Boston, Mass., on the brief), for appellants.

William W. Gallagher, Asst. U. S. Atty., of Portland, Me. (Frederick R. Dyer, U. S. Atty., of Portland, Me., on the brief), for the United States.

Before BINGHAM, WILSON and MORTON, Circuit Judges.

MORTON, Circuit Judge.

The defendants were indicted for conspiring to possess intoxicating liquor in violation of the National Prohibition Act, tit. 2, § 3 (27 USCA § 12); for conspiring to transport intoxicating liquor unlawfully in violation of the same section; and for conspiring to violate the Tariff Act of 1930, § 593 (b) (19 USCA § 1593 (b), by fraudulently facilitating the transportation of intoxicating liquor knowing the same to have been unlawfully imported into the United States. The District Judge directed the government to elect between the two counts relating to possession and transportation under the National Prohibition Act; and the government elected to stand on the first count. The defendants were convicted on that count for a conspiracy for illegal possession, and on the third count relating to the Tariff Act for a conspiracy to facilitate the transportation of smuggled liquor.

The first point made for the defendants is that the presiding judge erred in permitting conviction on both these counts. The contention is that there was only one conspiracy, and that it could not be split up into different conspiracies according to the statutes which were violated. The jury were instructed that the two counts charged different conspiracies. By their verdict they found that both conspiracies had been proved. The sentence was general, and was not in excess of what might have been imposed upon conviction under either count. It is well settled that under such circumstances, if the conviction can be supported under either count, the sentence will not be disturbed. Abrams v. United States, 250 U. S. 616, at page 619, 40 S. Ct. 17, 63 L. Ed. 1173; Yucas v. United States (C. C. A.) 283 F. 20. It is therefore unnecessary to decide whether the evidence warranted the finding that there were two different conspiracies.

The next assignment of error which calls for comment brings up the refusal of the presiding judge to direct a verdict of not guilty

as to Rich. The other persons alleged to have been in the conspiracy with him were, according to the evidence, on board a motorboat which came near the shore in York river at night and there discharged a cargo of liquor. Rich was on the shore at the time, and was taken into custody. Statements then made by him to the officers, which we think were admissible against him, warranted the inference that he was interested in the shipment. The jury were carefully cautioned that he could not be convicted unless he was party to a conspiracy which included the men on the boat. The jury found that he was party to such a conspiracy. It was for them to say.

■ Many exceptions were taken to rulings on evidence. Seventeen assignments of error were based upon them. The first of these exceptions which has been insisted on is to the admission of statements by Rich not made in the presence of the other defendants. The jury were explicitly instructed, however, "that the conversations with Rich should not be used at all in respect to anybody but Rich, because unless you find conspiracy against these four men from the evidence, that occurred independently from Rich, you would have to find there was no conspiracy at all." So limited, the conversations were plainly admissible. The testimony of McKenna and Morawski (the chemist) that the liquor was of foreign origin was objected to as hearsay and as going beyond any knowledge which the witness had. As the question is not likely to be of general importance, it is not necessary to state the evidence in detail. We are of opinion that the material parts of it were properly admitted. The other assignments of error based on rulings as to evidence—which have not been waived—have been examined. They seem to us not well founded. We think the rulings of the presiding judge were correct.

■ The defendant further contended in effect that the overt acts, if proved, could not be considered as proof of the conspiracy. The presiding judge ruled that the doing of the overt acts alleged, or some of them, must be proved; that the acts, if proved, might be considered on the question whether there was such a conspiracy as was charged. We think this was correct. An overt act is by definition something done in the course of the conspiracy. The allegation of it as an overt act does not take it out of its place in the chain of evidential facts.

■ As to reasonable doubt the jury were instructed: "From the facts established no other reasonable conclusion than the guilt of the defendant must be possible. That is, the facts found must be consistent with the guilt of the defendants and consistent with nothing else in order to convict them. The defendants cannot be convicted upon suspicion, surmise, or conjecture, nor upon what the jury consider probability of guilt of the offence charged, even though the probability be a strong one." This is the rule under which the jury must have felt they were to act; and it is a sufficiently correct definition of the burden of proof which rested upon the government. The instructions on this point, taken as a whole, were as favorable to the defendants as those approved in Commonwealth v. Leach, 160 Mass. 542, 546, 36 N. E. 471.

■ The defendant's criticism of the bill of exceptions which he was required to present is justified. It is unnecessarily long, and does not conform to Rule 8 of the Supreme Court. It was, however, proper to compel the inclusion of the charge to the jury, which is often of great assistance by showing the lines on which the case was finally submitted to the jury.

The judgment of the District Court is affirmed.