*In re* KRUSIEWICZ.

1. HABEAS CORPUS—INDICTMENT AND INFORMATION—CRIMINAL LAW —RAPE.

Objection that true name of ravished woman was not given in complaint and information, although it was known, may not be raised by accused in *habeas corpus* proceeding after pleading guilty to charge of rape and being sentenced (3 Comp. Laws 1929, § 17290).

2. CRIMINAL LAW—RAPE—COMPLAINT—JURISDICTION—JUSTICES OF PEACE.

Objection that court did not acquire jurisdiction in prosecution for rape because complaint was made wholly on information and belief should not be available to defendant, on appeal, where it was not raised in trial court.

3. SAME—COMPLAINT ON INFORMATION AND BELIEF SUPPLEMENTED
   BY TESTIMONY OF OTHER WITNESSES.

   Justice of peace has jurisdiction ,to issue warrant upon complaint
   sworn to on information and belief, where it appears from the
   warrant that said complaint was supplemented by testimony
   on oath of witnesses who testified to facts within their own
   knowledge.

*Habeas corpus* proceedings by Joseph Krusiewicz,
with accompanying certiorari to Neil E. Reid,
Macomb circuit judge, to obtain release from branch
of State prison at Marquette.  Submitted March 21,
1933.  (Calendar No. 37,112.)  Writs dismissed May
16, 1933.

*Joseph Krusiewicz, in pro. per.*

*Patrick H. O'Brien,* Attorney General, *Roy M.
McKinstry,* Prosecuting Attorney, and *Donald C.
Trombley,* Assistant Prosecuting Attorney, for the
people.

BUTZEL, J.  Joseph Krusiewicz sued out a writ of
*habeas corpus* and accompanying writ of certiorari,
claiming to be unlawfully imprisoned under commit-
ment on a sentence of life imprisonment at the State
prison at Marquette, Michigan.

On the 14th day of September, 1929, a criminal
complaint, signed by Vincent Gruszczynski, was
lodged against petitioner before a justice of the
peace of the city of Mt. Clemens, in Macomb county.
The complaint stated that ''on the 4th day of June,
A. D. 1929, at the township of Warren, and in the
county aforesaid, as he is informed and believes, and
has good reason to believe, one Joseph Krusiewicz
raped and ravished one Mary Doe, a person whose
name is unknown to complaining witness,'' etc.  The
certificate of the justice of the peace on the back of

the complaint shows that Percy L. Moore was duly sworn and examined by him in relation to the complaint. A warrant was issued and the petitioner apprehended. He waived examination before the justice of the peace and was bound over to the circuit court for trial.

Both the warrant and the return of the justice repeat the quoted language in the complaint. The information also charges that petitioner "raped and ravished one Mary Doe, a female person whose name is unknown to the complaining witness." The records further show that, when arraigned in the circuit court, petitioner pleaded guilty to the information, and that, after an examination of petitioner, the court accepted the plea and sentenced him as hereinbefore stated.

Petitioner claims that the failure throughout the entire proceedings to allege the true name of the ravished woman constitutes a fatal defect. He further claims that her true name was known. The failure to object to the fact that the true name was not given, until after the trial and verdict, forecloses the defendant from further raising the point. 3 Comp. Laws 1929, § 17290; *People* v. *Corsi,* 216 Mich. 65; *People* v. *Griffin,* 219 Mich. 617; *Frasher* v. *State,* 3 Tex. App. 263 (30 Am. Rep. 131); *State* v. *Rook,* 42 Kan. 419 (22 Pac. 626); *Nudelman* v. *United States* (C. C. A.), 264 Fed. 942; *Wilkinson* v. *State,* 77 Miss. 705 (27 South. 639); *Ex parte Kaster,* 52 Cal. App. 454 (198 Pac. 1029).

Petitioner further claims that the court did not acquire jurisdiction because the complaint is made wholly on information and belief. He cites *People* v. *Heffron,* 53 Mich. 527, in support of his contention. Mr. Justice COOLEY, who concurred in the result, stated that the point raised should not be available

to defendant on appeal, inasmuch as it had not been raised in the court below. See *People* v. *Jury,* 252 Mich. 488. Even had the objection been raised in the circuit court, the instant case differs from *People* v. *Heffron, supra,* in that the justice of the peace stated in the warrant as follows:

"And whereas, on examination, on oath of the said Vincent Gruszczynski and of Percy Moore being another witness produced by the said Vincent Gruszczynski, complaining witness before and by me, the said justice of the peace, it appears to me, the said justice of the peace, that said offense has been committed, and there is just cause to suspect the said Joseph Krusiewicz to have been guilty thereof."

This brings the case squarely within the reasoning of *Curnow* v. *Kessler,* 110 Mich. 10, where, in reviewing the validity of a complaint containing almost identical language throughout, the court said:

"This language very plainly implies that the complaint may be made by one who does not personally know the facts, and supplemented by an examination of witnesses who can speak to the facts of their own knowledge. If it had appeared that the only evidence before the justice at the time the warrant was issued was the statements contained in this complaint on information and belief, he would have been without jurisdiction; but, as the contrary appears, and that he examined witnesses on oath, other than the complaining witness, it will not be presumed that there was no positive evidence justifying the issuing of the warrant."

*Habeas corpus* is not available to one who has been convicted of crime by a court that has properly acquired jurisdiction and has not exceeded its powers. *In re Matter of Eaton,* 27 Mich. 1; *In re Joseph,* 206 Mich. 659; *People* v. *Jury, supra; In re Palm,*

255 Mich. 632; *Ex parte Yarbrough,* 110 U. S. 651 (4 Sup. Ct. 152); *Ex parte Curtis,* 106 U. S. 371 (1 Sup. Ct. 381).

Petitioner further claims illegal imprisonment because, in the order and judgment of the court, petitioner is sentenced for the "rest of his natural life," etc., while the warrant for removal to the State prison states his sentence to be "for the period of life." Further, a fatal variance is claimed in that the word "female" does not appear on the face of the complaint and warrant, although it appears on the information. We regard these claims as so captious and lacking in merit that we need not even discuss them.

The respondent is not entitled to be discharged. The relief prayed for is denied, and the writs are dismissed.

McDonald, C. J., and Clark, Potter, Sharpe, North, Fead, and Wiest, JJ., concurred.