### PEOPLE v. IRWIN

1. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—INDUCEMENT—EVIDENTIARY HEARING.

> A motion to withdraw a plea of guilty, made before imposition of sentence, on the ground that the defendant's plea was induced by a police officer's promise to have other outstanding charges dropped was properly denied where the trial court, after hearing testimony from both the defense and the prosecution, found that no promises had been made and where the finding was well supported by the record.

2. SEARCHES AND SEIZURES—WAIVER—PLEA OF GUILTY.

> A claim of illegal search and seizure is waived by a plea of guilty given freely, understandingly, and voluntarily while in the presence of counsel.

3. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—DISCRETION.

> Withdrawal of a plea of guilty before sentencing is not a matter of right but within the sound discretion of the court.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 21 Am Jur 2d, Criminal Law § 504.
    Right to withdraw plea of guilty. 66 ALR 628.
[2] 21 Am Jur 2d, Criminal Law § 495.

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 February 3, 1970, at Lansing. (Docket No. 7,245.) Decided June 24, 1970.

Thomas Irwin was convicted, on his plea of guilty, of carrying a concealed weapon. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Leitson, Dean, Dean, Segar & Hart (Sherwin F. Biesman,* of counsel), for defendant.

Before: LESINSKI, C. J., and McGREGOR and V. J. BRENNAN, JJ.

V. J. BRENNAN, J. On December 23, 1968, defendant Thomas Irwin, while in the presence of counsel, pleaded guilty in the Genesee County Circuit Court to a charge of carrying a concealed weapon. MCLA § 750.227 (Stat Ann 1962 Rev § 28.424). The court conducted a full examination under GCR 1963, 785.3 (2) and accepted the plea. On February 3, 1969, before sentencing, the defendant moved to withdraw his plea, alleging (1) that it was induced by a police officer's promise to have other outstanding charges dropped, and (2) that there "might be legal defenses based on violation of his right against unreasonable search and seizure and possibly other constitutional rights." The "other constitutional rights" were never specified. An evidentiary hearing was held on the first allegation and the motion was denied. Defendant appeals as of right.

Defendant contends that the court based its ruling on his failure to assert his innocence in the affidavits filed in support of the motion and that the court was therefore in error. *People* v. *Zaleski* (1965), 375 Mich 71. The first part of his contention is not supported by the record. Although the court did mention the defendant's failure to assert his innocence, it did so only in passing. The court instead based its ruling on its finding that no promises had been made, a finding entered after the court had heard testimony from both sides, and well supported by the record.

The claim of illegal search and seizure was apparently abandoned at the evidentiary hearing. The defendant renews his claim on appeal, however, and asserts that it entitles him to withdraw his plea. We disagree. Our Court has recently held that a plea of guilty tendered freely, understandingly and voluntarily while in the presence of counsel waives a claim of illegally-gained confession. *People* v. *Temple* (1970), 23 Mich App 651. The same may be said of a claim of illegal search and seizure. *People* v. *Harvey* (1970), 24 Mich App 363. See, also, *Hughes* v. *United States* (CA 8, 1967), 371 F2d 694; *Benton* v. *United States* (CA 9, 1965), 352 F2d 59; *Harris* v. *United States* (CA 9, 1964), 338 F2d 75, *Mahler* v. *United States* (CA 10, 1964), 333 F2d 472.

The withdrawal of a plea of guilty before sentencing is not of right but within the sound discretion of the court. *People* v. *Zaleski, supra; People* v. *Whitmer* (1969), 16 Mich App 703. We find no abuse of that discretion.

The order denying the motion to withdraw the plea is affirmed.

All concurred.