PEOPLE v WICKHAM

1. CRIMINAL LAW—PLEA OF GUILTY—LENIENCY—MOTION FOR NEW TRIAL.

Denying defendant's motion for a new trial was not error where the defendant claimed that he had been given to understand that there was a *chance* he would be sentenced to serve a term of 5 to 15 years if he pled guilty, and upon pleading guilty, defendant was sentenced to serve a term of 10 to 25 years.

2. CRIMINAL LAW—PLEA OF GUILTY—WAIVER—APPEAL AND ERROR.

A plea of guilty entered by defendant after the commencement of trial waived defendant's right to appeal from earlier orders of the trial court denying the defendant's motions to suppress evidence.

3. CRIMINAL LAW—PLEA OF GUILTY—ADVICE OF RIGHTS.

The trial court's failure to advise the defendant of his right to a jury trial or of his right to confront the witnesses or of his right against self-incrimination does not entitle defendant to reversal of his plea-based conviction where the plea of guilty was accepted prior to the decision of the United States Supreme Court in *Boykin v Alabama,* 395 US 238 (1969), June 2, 1969.

Appeal from Kent, Roman J. Snow, J. Submitted Division 3 February 8, 1972, at Lansing. (Docket No. 7278.) Decided June 26, 1972.

Jerry M. Wickham was convicted, on his plea of guilty, of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,*

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 485, 493.
[2] 21 Am Jur 2d, Criminal Law § 495.
[3] 21 Am Jur 2d, Criminal Law § 486 *et seq.*

Prosecuting Attorney, and *Donald A. Johnston, III,* Chief Appellate Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, and *Larry R. Farmer,* Assistant Defender, for defendant.

Before: McGREGOR, P. J., and LEVIN and TAR-GONSKI,* JJ.

LEVIN, J. The defendant, Jerry Michael Wickham, appeals his conviction of armed robbery.

Wickham was charged with committing the offenses of assault with intent to commit murder (MCLA 750.83; MSA 28.278) and armed robbery (MCLA 750.529; MSA 28.797). His trial was interrupted after two days when he offered to plead guilty to the offense of armed robbery. He was sentenced to serve a term of 10 to 25 years.

Subsequently, Wickham moved for a "new trial". At the hearing on the motion, Wickham and his sister testified that he was given to understand that there was a "chance" he would be sentenced to serve 5 to 15 years if he pled guilty. Neither Wickham nor his sister claimed that he was promised a sentence not exceeding 5 to 15 years. The trial judge found that Wickham's plea of guilty was voluntary and denied the motion.

On appeal Wickham claims that the judge erred (1) in denying his motions, made before he pled guilty, to suppress a revolver taken from his apartment shortly after his arrest and a confessional statement which he gave to the police, and (2) in not granting his post-conviction motion.

Taking the second issue first, we have concluded, in the light of Wickham's and his sister's testi-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

mony that he was told only that there was a *chance* that he would be sentenced to serve 5 to 15 years, that the judge did not clearly err in denying the post-conviction motion.

Turning to the first issue, the established rule in this state is that a plea of guilty waives the defendant's right to appeal from an earlier order denying a motion to suppress evidence.[1] In some other jurisdictions the right of appeal from an order denying such a motion is preserved without regard to whether the defendant is convicted by a jury's verdict or a judge's finding following a trial, or whether he is convicted on his plea of guilty.[2] It would be clearly beyond the province of this Court to adopt a rule recognizing such a right of appeal following a plea of guilty in the face of the established, long-standing practice. If the rule in this state is to be changed, the Supreme Court or the Legislature must change it.

We have examined the plea-taking transcript in the light of *People v Jaworski,* 387 Mich 21 (1972). When Wickham offered to plead guilty, he was not advised of his right to a jury trial or of his right to confront the witnesses or of his right against self-incrimination, and under *Jaworski* he would, therefore, ordinarily be entitled to a reversal of his conviction.

Wickham's plea was, however, offered before June 2, 1969, the date on which *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969), was decided. It appears that the Michigan Supreme Court intends to limit its *Jaworski* rule

---

[1] See *People v Irwin,* 24 Mich App 582 (1970); *People v Hart,* 26 Mich App 370 (1970); *People v Knopek,* 31 Mich App 129 (1971).

[2] See Cal Penal Code, § 1538.5, subdivision (m); New York Crim Proc Law, § 710.70, subdivision 2; *cf. Doran v Wilson,* 369 F2d 505, 507 (CA 9, 1966). See, also, *Perin v Peuler,* 373 Mich 531, 541 (on rehearing, 1964).

to post-*Boykin* cases. Any implication in *People v Butler,* 387 Mich 1, 6 (1972), that the *Jaworski* rule would be applied to pre-*Boykin* cases through the medium of GCR 1963, 785.3(2) has, we think, been superseded by more recent expressions of our Supreme Court indicating that the *Jaworski* rule is to apply only to post-*Boykin* cases. *People v Carlisle,* 387 Mich 269, 276 (1972); *People v Duffield,* 387 Mich 300 (1972), fn 17. See *Winegar v Department of Corrections,* 41 Mich App 318 (1972), where we said that *Jaworski* applies only to post-*Boykin* pleas of guilty.

Affirmed.

All concurred.