PEOPLE v FREDERICK WASHINGTON

CRIMINAL LAW—PLEA OF GUILTY—WAIVER OF RIGHTS—RECORD.
   A plea of guilty is properly accepted where a defendant is
   informed of his rights on the record at any stage of the
   proceedings, where the plea was entered prior to the issuance
   of guidelines requiring that the trial judge who accepts the plea
   must personally inform the defendant of the enumerated rights
   (*People v Rufus Williams*, 386 Mich 277, 246–304[1971]).

Appeal from Jackson, Gordon W. Britten, J. Submitted Division 2 October 5, 1972, at Lansing. (Docket No. 13371.) Decided October 26, 1972.

Frederick Washington was convicted of escaping from prison. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard A. Cooley, Jr.,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, and *James R. Neuhard,* Assistant Defender, for defendant.

Before: QUINN, P. J., and McGREGOR and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. Defendant was convicted on his plea of guilty on August 26, 1971 of the

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 484–496.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

offense of escaping from prison, MCLA 750.193; MSA 28.390, and was sentenced to a term of from one to five years in prison; said sentence to be served consecutively to the sentence or sentences being served at the time of his escape. At the plea hearing the following discussion was had:

"*The Court:* All right. Thank you, counsel. Mr. Sanderson?

"*Mr. Sanderson:* Your Honor, I have discussed this matter with my client, and we have talked over this at some length the other day in the state prison. And, I have advised him that, of course we could go through a jury trial, or have a trial before this court without a jury, and that they would have to bring in the witnesses to testify against him; and after discussing all the possibilities here, he advises me that he wishes to tender a plea of guilty to the court.

"*The Court:* Thank you. How old are you, Mr. Washington?

\* \* \*

"*The Court:* All right. Do you understand during the trial, as your counsel has mentioned that you are presumed to be innocent, and the presumption continues throughout the course of the trial until the trier of the facts, that is the judge or the jury, have arrived at the conclusion that the people have proven your guilt beyond a reasonable doubt? And, a reasonable doubt is usually defined as a fair doubt. Do you understand that?

"*A.* Yes, sir.

"*The Court:* Do you understand that you, yourself, may remain silent during the trial without prejudice or take the stand in your own behalf, and you have the right to call witnesses in your own behalf?

"*A.* Yes, sir."

The transcript of defendant's arraignment discloses he was informed of his rights to trial and to confrontation by the court in the following manner:

*"The Court:* You are also entitled to have a trial either by judge or by jury and to be confronted by those persons who have accused you of this offense, do you understand that?

*"Mr. Washington:* Yes, sir."

On appeal defendant claims he was not informed of his constitutional rights to trial and to confront the witnesses against him prescribed in *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969), and *People v Jaworski,* 387 Mich 21 (1972). We disagree.

The question before us is thus whether an "on the record" informing of defendant of his right to a trial by judge or jury and his right to confront his accusers at his arraignment will satisfy the *Boykin* and *Jaworski* requirements. Stated in more pragmatic terms: Is a guilty plea properly accepted where a review of the record reveals that defendant was informed of his rights at a prior hearing?

A review of the language used by the Supreme Court in the recent opinions regarding guilty pleas convinces us that the lower court record can be combed to ascertain whether the defendant was informed of his rights at any time prior to the acceptance of his plea. The Court in *People v Johnson,* 386 Mich 305, 316 (1971), in discussing the failure of the trial judge to inform defendant of his right to confront witnesses and of the presumption of innocence, noted:

"Though the plea proceeding transcript is improperly silent as to the above points, it is possible that the proper instructions to the defendant took place at an earlier stage of the proceedings. Therefore, on remand, the trial court should determine whether the defendant was properly informed on the record at *any time* prior to the acceptance of his guilty plea. * * * If the evidentiary hearing does not disclose that the defendant was

substantially informed of each of his rights, then his motion to vacate his plea of guilty must be granted." (Emphasis supplied.)

Again in *People v Butler,* 387 Mich 1, 8 (1972), the Court noted:

"The cases hold that a defendant must be substantially advised of each of his rights. *People v Winegar, supra, People v Dunn, supra,* and *People v Jaworski,* 387 Mich 21 (1972). As noted previously, a thorough review of the record of the lower court proceedings in the instant case fails to disclose that the defendant was ever advised concerning his constitutional right against self-incrimination. Therefore we must vacate the defendant's conviction and remand to the circuit court for further proceedings consonant with this opinion."

The language in *People v Jaworski, supra,* 31, also implies that review of the records of all lower court proceedings can be referred to in order to determine if defendant has been properly informed:

"Review of the records of all lower court proceedings reveals nothing which supplies this deficiency in the plea proceedings. Therefore, we must vacate the defendant's conviction and remand to the circuit court for further proceedings consonant with this opinion."

Our reading of the above cited cases convinces us that any "on the record" informing of defendant of his rights, no matter at what stage of the proceedings and no matter by whom it is done, is sufficient to satisfy the requirements laid down in *Boykin* and *Jaworski.*[1] Since the thrust of *Boykin*

---

[1] We would hasten to add that we are here speaking only of those guilty pleas entered prior to the issuance of the guidelines which accompanied *People v Rufus Williams,* 386 Mich 277, 299–304 (1971). These guidelines and the proposed amendments to GCR 1963, 785 require that the trial judge who accepts the guilty plea must personally inform defendant of the enumerated rights.

is to insure that defendant is aware of the rights which he waives by his guilty plea, it is unimportant how or when he receives the information, as long as it is clear from the record that defendant had such knowledge when he entered his plea. Thus while the factual basis of the plea cannot be gleaned from the preliminary examination,[2] the record of the prior proceedings can be looked to in order to determine whether defendant has been informed of his rights.

Both *Boykin* and *Jaworski* require only that waiver of the enumerated rights cannot be presumed when the record is silent as to whether defendant was made aware of those rights. Here defendant was clearly informed of his right to confront his accusers and to his right to a trial either by judge or jury not only at his arraignment but by his counsel at the time of the plea. This was all that was required.

Affirmed.

All concurred.

---

[2] See *People v Taylor*, 387 Mich 209, 225, fn 10 (1972); and *People v Zaleski*, 375 Mich 71, 81–84 (1965).