PEOPLE v NATHAN EDWARDS

CRIMINAL LAW—PLEA OF GUILTY—ACCEPTANCE OF PLEA.

A plea of guilty was properly accepted and a defendant effectively waived his important constitutional rights where the record shows that the defendant made his waiver after he was clearly and carefully informed of those rights and indicated an awareness of them by affirmative and unequivocal answers.

Appeal from Kent, John T. Letts, J. Submitted Division 3 May 11, 1973, at Detroit. (Docket No. 13888.) Decided May 25, 1973.

Nathan Edwards was convicted, on his plea of guilty, of statutory rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Donald A. Johnston, III,* Chief Appellate Attorney, for the people.

*John D. Loeks, Jr.,* for defendant on appeal.

Before: DANHOF, P. J., and McGREGOR and MILES,* JJ.

PER CURIAM. Defendant was convicted, on a plea of guilty, of statutory rape, MCLA 750.520; MSA 28.788, and was sentenced to life imprisonment.

On appeal, the defendant contends that the acceptance of his plea was constitutionally infirm

REFERENCE FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 484 et seq.

* Circuit judge, sitting on the Court of Appeals by assignment.

because the court did not specifically ask him if he wished to waive important constitutional rights or inform the defendant that a guilty plea waives these rights.

Each of the rights treated in *People v Jaworski,* 387 Mich 21 (1972), was affirmatively explained to the defendant, in the presence of his counsel. In each statement of constitutional rights, the court asked, "do you understand that?", and the defendant answered, "Yes". When the court asked, "knowing what your rights are * * * do you wish to enter a plea?", and the defendant answered, "Yes".

*Jaworski* requires only that waiver of the enumerated rights cannot be presumed when the record is silent as to whether the defendant was made aware of these rights. Here, defendant was clearly and carefully informed of his constitutional rights and indicated an awareness of them by his affirmative and unequivocal answers. This is all that was required. *People v Washington,* 43 Mich App 551 (1972). The defendant knowingly waived his constitutional *(Jaworski)* rights.

Affirmed.