PEOPLE v KILLINGBECK

1. NEW TRIAL—EVIDENCE.

The following requirements must be satisfied in order to obtain a new trial upon the ground of newly discovered evidence: (1) the evidence, and not merely its materiality, must be newly discovered; (2) the evidence must not be cumulative; (3) the evidence must render a different result probable on a retrial of the cause; and (4) the party could not with reasonable diligence have discovered and produced the evidence at trial.

2. CRIMINAL LAW—PLEA OF GUILTY—WAIVER—APPEAL AND ERROR.

The plea of guilty waives any defect not jurisdictional; the judgment entered on the plea of guilty is not appealable on the merits, and irregularities not going to the jurisdiction or legality of the proceedings will not be reviewed.

3. CRIMINAL LAW—PLEA OF GUILTY—EVIDENCE—WAIVER.

A defendant's attempt to vacate his plea of guilty on the basis of newly discovered evidence involves a nonjurisdictional defect which is deemed to be waived by his plea of guilty; a trial court did not abuse its discretion by refusing to vacate a defendant's guilty plea and order a trial on the basis of newly discovered evidence.

4. CRIMINAL LAW—PLEA OF GUILTY—WAIVER.

A defendant, by waiving trial and entering a plea of guilty, also waives the right to further consideration of the evidence pertaining to the merits of the validity of the waiver.

5. CRIMINAL LAW—PLEA OF GUILTY—CONSTITUTIONAL LAW—WAIVER—PREARRAIGNMENT QUESTIONNAIRE.

A defendant's plea of guilty and consequent waiver of his constitutional privilege against self-incrimination and the right to

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 30 Am Jur 2d, Evidence § 1086.
    58 Am Jur 2d, New Trial § 164 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 495.
[3–5] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
    58 Am Jur 2d, New Trial § 169.

.confront his accusers was understandingly made and will not be vacated where the recitation contained in a prearraignment questionnaire adequately informed the defendant of these rights, although the trial court's remarks were somewhat ambiguous, and the prearraignment questionnaire was acknowledged by the defendant at the plea-taking and later at the postconviction review and thus constitutes a part of the record of equal dignity and effect as that transcribed in the verbal proceeding.

Appeal from Iosco, Allan C. Miller, J. Submitted Division 3 June 7, 1973, at Grand Rapids. (Docket No. 13242.) Decided September 24, 1973.

Donald R. Killingbeck was convicted, on his plea of guilty, of attempted breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Ronald R. Tyler,* Prosecuting Attorney, for the people.

*Lambert, Leser & Gorte,* for the defendant.

Before: R. B. BURNS, P. J., and FITZGERALD and O'HARA,*JJ.

FITZGERALD, J. Defendant was charged in a two-count information with breaking and entering with intent to commit larceny[1] and attempt to break and enter with intent to commit larceny.[2] After waiving preliminary examination and prior to arraignment, defendant complied with the prosecuting attorney's request to complete a prearraignment questionnaire. Defendant stood mute as

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA 750.110; MSA 28.305.

[2] MCLA 750.92; MSA 28.287.

to count 1 and entered a plea of guilty as to the second count of attempted breaking and entering. Following the court's acceptance of defendant's plea of guilty, a motion for entry of nolle prosequi on count 1 was filed together with an order to that effect. Defendant was sentenced to a term of from three to five years in prison.

The trial court, apprised of defendant's decision to appeal, appointed attorney James Orford as defense counsel. However, on December 23, 1971, defendant filed a claim of appeal *in propria persona.* The Iosco County Circuit Court then entered a subsequent order appointing the Appellate Defender to file a claim of appeal on behalf of defendant, to which Docket No. 13403 was assigned. Defendant then filed an *in propria persona* motion for postconviction review. Appointed counsel Orford filed a motion for an appeal bond together with notice of hearing and proof of service. An order for postconviction review was entered and a hearing was scheduled for March 6, 1972.

Attorney Orford's request that he be relieved of all responsibility as defendant's attorney was granted, as was defendant's motion for appeal bond. On the same day the case was remanded for bond, this Court dismissed Docket No. 13403 and ordered the case remanded for further proceedings pursuant to defendant's postconviction review petition. Mr. Paul Dwyer was requested to serve as standby attorney during the postconviction review hearing scheduled for March 6, 1972. At the hearing, appeal bond of $10,000 was set and the proceedings with respect to postconviction review were adjourned until April 10, 1972. On this date defendant's motion for new trial was denied. It is from this denial that defendant appeals.

Defendant first contends the trial court abused

its discretion in refusing to vacate defendant's guilty plea. He argues a trial should have been ordered based upon testimony at a postconviction hearing from defendant's alleged accomplices which repudiated earlier statements implicating the defendant. Testimony of the two codefendants involved which exculpated defendant is said to constitute newly discovered evidence entitling him to a new trial in accordance with *People v Clark,* 363 Mich 643; 110 NW2d 638 (1961).[3] We disagree. By requesting that the guilty plea be vacated on the basis of newly discovered evidence, defendant does not challenge acceptance of the plea on jurisdictional grounds, but rather seeks to raise questions relating to the merits of his conviction. The general rule states:

"The plea of guilty waives any defect not jurisdictional." 4 Wharton's Criminal Law & Procedure, § 1901, p 770; *People v Jury,* 252 Mich 488; 233 NW 389 (1930); *People v Potts,* 45 Mich App 584; 207 NW2d 170 (1973).

*People v Laudermilk,* 67 Cal 2d 272, 281; 431 P2d 228, 234–235; 61 Cal Rptr 644, 650–651 (1967), expresses this principle in stating:

"Since a plea of guilty constitutes a conviction * * * [citations omitted] and indeed has been called 'the highest kind of conviction which the case admits' * * * [citation omitted] it has been stated as a general principle that the *judgment entered on the plea of guilty is not appealable on the merits'* and irregularities not going to the jurisdiction or legality of the proceedings will not be reviewed." (Emphasis added.)

---

[3] The following requirements must be satisfied in order to obtain a new trial upon the ground of newly discovered evidence: (1) the evidence, and not merely its materiality, must be newly discovered; (2) the evidence must not be cumulative; (3) the evidence must render a different result probable on a retrial of the cause; and (4) the party could not with reasonable diligence have discovered and produced the evidence at trial.

Defendant's attempt to vacate his plea of guilty on the basis of newly discovered evidence involves a nonjurisdictional defect and is deemed to be waived. *People v Catlin,* 39 Mich App 106; 197 NW2d 137 (1972); *People v Horace,* 36 Mich App 666; 194 NW2d 128 (1971); *People v Wickham,* 41 Mich App 358; 200 NW2d 339 (1972).

Nor is defendant able to find support from the Court Rules as a basis for ordering a trial. GCR 1963, 527.1(1)–527.1(9) lists the grounds for which a new trial may be granted.[4] Examination of the cases and commentary relating to newly discovered evidence as a basis for a new trial fails to indicate that such a motion is appropriate in connection with a guilty plea. Specific reference is made to motions seeking a new trial made following trial judgments, jury trials, and trials by the court sitting without a jury. By waiving trial and entering a plea of guilty, defendant also waived the right to further consideration of the evidence pertaining to the merits of the validity of the waiver.

Defendant next argues he was not substantially informed of his constitutional privilege against self-incrimination and the right to confront his accusers.[5] Consequently, the plea of guilty was not

---

[4] "A new trial may be granted to all or any of the parties and on all or part of the issues whenever their substantial rights are materially affected, for any of the following causes:

\* \* \*

"(6) Material evidence, newly discovered, which could not with reasonable diligence have been discovered and produced at the trial;

\* \* \*

"(9) On any ground warranting a new trial specified in sub-rule 528.3."

[5] *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972), requires that prior to acceptance of a guilty plea, the court must inform defendant that he waives his constitutionally guaranteed privilege against self-incrimination, the right to a jury trial, and the right to confront his accusers.

understandingly made. The prosecution contends the plea record and prearraignment questionnaire reflect that defendant freely, intelligently, and understandingly waived his constitutional rights. While the trial court's remarks on the record are somewhat ambiguous,[6] the recitation contained in the prearraignment questionnaire adequately informed the defendant as to his rights against self-incrimination and right to confrontation. *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972). Defendant was required to answer the following questions:

"Do you understand that you have a right to testify or not to testify, as you choose, at a trial?

"Do you understand that any statements or confessions previously made by you are subject to investigation by the Court as to whether they were voluntarily made?

"If not freely and voluntarily made they cannot be used on the trial. Do you feel that they were voluntarily made?

"Do you understand that at trial, witnesses would be presented and subjected to cross examination in your behalf?"

In *People v Chappell,* 44 Mich App 204, 207; 205 NW2d 285, 286 (1972), this Court concluded that it is not required to specifically relate the precise wording of defendant's *Jaworski* rights to him. The Court stated:

"*Jaworski* and *Boykin v Alabama,* 395 US 328; 89 S

---

[6] "*The Court:* And of course he has gone over this questionnaire which in short says that you are entitled to a jury trial or a trial before the judge. You have all the rights against incrimination and have the witnesses and you are presumed to be innocent, and the People have to prove you guilty beyond a reasonable doubt. Things that have been seized have to be tested for reasonableness, and statements have to be tested for voluntariness. What is his intent, Mr. Huck?"

Ct 1709; 23 L Ed 2d 274 (1969), do not require a parroted incantation of defendant's constitutional rights. What is required of the trial judge is that he convey to the defendant in a way defendant can understand, what his rights are so that he can act intelligently as concerns these rights. In this case the trial judge in plain and simple language conveyed to the defendant full information of his rights which he then knowingly waived."

The separate written acknowledgements by defendant of his *Jaworski* rights are comparable to those given orally by the trial judge in *Chappell.* This distinction is not of reversible significance. *People v Frederick Washington,* 43 Mich App 551, 554–555; 204 NW2d 541, 543 (1972), is supportive in stating:

"Since the thrust of *Boykin* is to insure that defendant is aware of the rights which he waives by his guilty plea, it is unimportant how or when he receives the information, as long as it is clear from the record that defendant had such knowledge when he entered his plea."

The prearraignment questionnaire, acknowledged by defendant at the plea-taking and later at the postconviction review, constitutes a part of the record of equal dignity and effect as that transcribed in a verbal proceeding. In fact, the Supreme Court considered the written statements of defendants taken in connection with their guilty pleas as part of the record in *Jaworski, supra,* and *People v Butler,* 387 Mich 1, 12–13; 195 NW2d 268, 273–274 (1972). Reference to the prearraignment questionnaire indicates that defendant was substantially advised of his constitutional right against self-incrimination and his right to confrontation.

Defendant offers no authority or policy reason in

support of his contention that the absence of counsel at the time the questionnaire was completed invalidated the plea of guilty. Accordingly, this issue is deemed abandoned. *People v Fuston Thomas,* 36 Mich App 23, 26; 193 NW2d 189 (1972).

Affirmed.

All concurred.