PEOPLE v DUCK

CRIMINAL LAW—PLEA OF GUILTY—CONSTITUTIONAL LAW—ADVICE OF RIGHTS.

> A defendant who was advised at an arraignment of his right to a trial by jury or without a jury, his right to confront his accusers, and his right against self-incrimination, was sufficiently advised of his rights even though he was not again informed of these rights at the time that he subsequently offered a plea of guilty; as long as it is clear from the record that a defendant had knowledge of his rights when he entered his plea of guilty, it is unimportant how or when he received the information.

Appeal from Calhoun, Creighton R. Coleman, J. Submitted Division 3 June 3, 1974, at Lansing. (Docket Nos. 17140, 17141.) Decided June 25, 1974. Leave to appeal denied, 392 Mich 818.

Randall Lee Duck was convicted, on his plea of guilty, of larceny from the person. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stanley Everett,* Prosecuting Attorney, for the people.

*Dennis H. Benson,* Assistant State Appellate Defender, for defendant.

Before: McGREGOR, P. J., and R. B. BURNS and O'HARA,* JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 484 *et seq.*

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

R. B. Burns, J. Defendant pled guilty to two separate charges of larceny from a person. MCLA 750.357; MSA 28.589. He appeals, claiming that he was not advised of his rights as set forth in *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972). He was originally charged with armed robbery. MCLA 750.529; MSA 28.797.

Defendant was arraigned in case No. 17140 on April 26, 1971. He stood mute at the arraignment. He was arraigned in case No. 17141 on August 23, 1971, at which time he was advised of his right to a trial by jury or by the court without a jury, his right to confront his accusers, and his privilege against self-incrimination.

The guilty pleas, in both cases, were accepted by the court on October 5, 1971, at which time the trial judge did not inform the defendant of his *Jaworski* rights.

*People v Washington,* 43 Mich App 551; 204 NW2d 541 (1972), held that the thrust of *Jaworski* was to insure that the defendant was aware of his rights and that it was unimportant how or when he received the information, as long as it was clear from the record that the defendant had such knowledge when he entered his plea.

Affirmed.

All concurred.