PEOPLE v JACKSON

1. CRIMINAL LAW—PLEA OF GUILTY—PRESUMPTION OF INNOCENCE—
   COURT RULES.

    A defendant could not be convicted upon his own plea of guilty
    where the trial court had failed to advise him of his right to be
    presumed innocent until proven guilty beyond a reasonable
    doubt, even though he had been advised of that right by the
    same court on the preceding day, when he had entered a guilty
    plea to a separate but similar offense. (GCR 1963,
    785.7[1] [d] [ii], 785.9.)

2. CRIMINAL LAW—PLEA OF GUILTY—COURT RULES—ADHERENCE TO
   RULES.

    Neither substantial compliance nor the absence of prejudicial
    error can save a guilty plea where the court record does not
    indicate strict adherence to the requirements of the Court rule
    regarding the acceptance of guilty pleas (GCR 1963, 785.7).

Appeal from Recorder's Court of Detroit, Joseph
A. Gillis, J. Submitted Division 1 October 15, 1974,
at Detroit. (Docket No. 18749.) Decided January 9,
1975. Leave to appeal applied for.

Darryl K. Jackson was convicted, on his plea of
guilty, of assault with intent to rob being armed.
Defendant appeals. Reversed and remanded for
new trial.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 487, 492–494.
    Court's duty to advise or admonish accused as to consequences of
    plea of guilty, or to determine that he is advised thereof. 97
    ALR2d 549.

Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and T. M. BURNS and CARLAND,* JJ.

PER CURIAM. Defendant, Darryl Kennard Jackson, was convicted upon his plea of guilty of the offense of assault with intent to rob being armed. MCLA 750.89; MSA 28.284. He was sentenced to a term of from 7 to 20 years in prison and now appeals.

In October, 1973, the defendant herein was faced with two charges of armed robbery, each arising out of a separate criminal transaction. On Thursday, October 4, 1973, defendant appeared in court and, with respect to the first charge of armed robbery, pled guilty to the lesser charge of assault with intent to rob being armed. At this time defendant was properly advised of each of the rights specified in GCR 1963, 785.7(1)(d)(ii), and his plea was accepted by the trial court. On Friday, October 5, 1973, defendant appeared in court on the other armed robbery charge, represented by a different attorney, and again pled guilty to assault with intent to rob being armed. It is from this second plea of guilty that defendant now appeals.

Defendant contends that his guilty plea to this second charge must be reversed because he was not advised of his right "to be presumed innocent until proven guilty beyond a reasonable doubt." GCR 1963, 785.7(1)(d)(ii). We agree. Nowhere on the record of this second guilty plea does it appear

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

that defendant was advised of this right. Under GCR 1963, 785.7(5), therefore, we are required to reverse.

The prosecution places much emphasis on the fact that defendant was advised of this right at his guilty plea the day before. They argue that since there is no showing of either a lapse of memory or a lack of understanding of this right at the time the second guilty plea was taken, there is no need to reverse on this basis. Had this guilty plea been taken before the effective date of the new court rule this argument might have had some merit. See *People v Duck,* 54 Mich App 125; 220 NW2d 322 (1974). The new court rule, however, precludes such a determination. GCR 1963, 785.9 provides:

"Conformity with the practice provided under 785.3 through 785.8 shall affirmatively appear on the record."

On November 21, 1974, our Supreme Court issued an order in the case of *People v Shekoski,* 393 Mich 134; 224 NW2d 656 (1974), which, in addition to granting defendant's application for leave to appeal and reversing his conviction, advised the bench and bar of this state that "strict adherence" to the requirements of GCR 1963, 785.7 is required and that neither substantial compliance nor the absence of prejudicial error can save a plea where the new court rule is not strictly followed. Since it does not appear from the record of this second plea that defendant was advised of his right to be presumed innocent until proven guilty beyond a reasonable doubt, we are required to reverse. GCR 1963, 785.7(5).

Reversed and remanded.