PEOPLE v NAGLE

1. CRIMINAL LAW—PLEA OF GUILTY—PRIOR ERROR—WAIVER OF ERROR
   —JURISDICTIONAL DEFECTS—MERITS—APPEAL AND ERROR.

   A plea of guilty waives error committed by a trial court in
   rulings on defense motions made before the plea was offered
   and accepted, and the only defects which will be reviewed on
   the merits following a guilty plea are those that are jurisdic-
   tional.

2. CRIMINAL LAW—PLEA OF GUILTY—RECORD—FACTUAL BASIS—SUB-
   STANTIAL SUPPORT—REASONABLE DOUBT.

   The factual basis for a guilty plea must be substantially sup-
   ported on the record, but there is no requirement that it be
   proved beyond a reasonable doubt that the defendant was in
   fact guilty of the charge to which pled (GCR 1963, 785.7).

3. STATUTES—COURTS—DISTRICT COURT—JURISDICTION—SUBJECT—TI-
   TLE—CONSTITUTIONAL LAW.

   The public act creating the district court and defining its jurisdic-
   tion does not violate the state constitutional provision that no
   law should embrace more than one object, which shall be
   expressed in its title.

Appeal from Kent, George V. Boucher and John
H. Vander Wal, JJ. Submitted Division 3, Decem-
ber 3, 1974 at Grand Rapids. (Docket Nos. 18756,
19221.) Decided March 11, 1975.

Arthur Nagle was convicted, on his two separate
pleas of guilty, of breaking and entering and pos-
session of morphine. Defendant appeals both con-
victions. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 495.
[2] 21 Am Jur 2d, Criminal Law § 486.
[3] 73 Am Jur 2d, Statutes §§ 102, 122.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Donald A. Johnston, III,* Chief Appellate Attorney, for the people.

*Loeks, Buth & Wood,* for defendant on appeal.

Before: T. M. Burns, P. J., and Quinn and O'Hara,* JJ.

T. M. Burns, P. J. Defendant Arthur Nagle was originally charged with attempted safe-breaking, MCLA 750.531; MSA 28.799, and possession of a controlled substance (morphine), MCLA 335.341(4)(a); MSA 18.1070(41)(4)(a). These charges arose from the robbery of Middleton's Pharmacy in Grand Rapids in which money and drugs were taken from a safe. These charges were tried separately before different judges.

Prior to trial on the safe-breaking charge, defendant filed a motion to quash the information. The motion was denied. Trial on that charge began on July 30, 1973, but ended in a mistrial on August 1, 1973. On August 20, 1973, the information was amended to include a second count of breaking and entering. MCLA 750.110; MSA 28.305. On rearraignment on that same date, defendant pled guilty to the amended charge, and the safe-breaking charge was dismissed. This plea to the amended charge was the result of a plea bargaining agreement, with the understanding that if defendant pled guilty to the amended charge of breaking and entering, the charge of safe-breaking would be dismissed. Furthermore, defendant agreed to plead guilty to the possession charge providing a felony charge in Detroit was

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

dismissed. The trial court questioned the defendant and after determining that the plea was freely, understandingly and voluntarily made, accepted said plea. Defendant was subsequently sentenced from four to ten years in prison, said sentence to run concurrently with that imposed following conviction for possession of morphine.

As to the second charge of possession of morphine, defendant was originally arraigned on March 16, 1973, at which time he pled guilty to the charge of possession of morphine. Defendant was sentenced from two to four years in prison to run concurrently with his earlier sentence. Defendant now appeals both convictions as of right.

Defendant contends that both of his guilty pleas should be set aside. He argues that his guilty plea to breaking and entering was improperly accepted because the trial court erred in deciding the merits of his pretrial motion to dismiss the safe-breaking charge and that this fact influenced his plea. As to his guilty plea to possession of morphine, defendant claims that it was improperly taken since it was made as part of the plea bargain in the breaking and entering case. We disagree.

It has long been held in this State that a plea of guilty waives error committed by a trial court in rulings on defense motions made before the plea is offered and accepted. *People v Ginther,* 390 Mich 436, 440; 212 NW2d 922 (1973), *People v Wickham,* 41 Mich App 358, 360; 200 NW2d 339 (1972), *People v Catlin,* 39 Mich App 106, 107–108; 197 NW2d 137 (1972). The only defects which will be reviewed on the merits following a guilty plea are those that are jurisdictional. *People v Killingbeck,* 49 Mich App 380, 383; 212 NW2d 256 (1973). Therefore, defendant may not now argue the merits of his convictions before this Court.

Defendant next claims that the trial court committed reversible error by accepting his plea of guilty to breaking and entering because a sufficient factual basis for the plea was not established. Defendant argues that it was not established on the record that there was a "breaking".

The defendant was informed of the nature of the charge and admitted his guilt. The defendant stated that he entered the Middleton's Pharmacy building during business hours with the intent to commit the crime of larceny therein. He also admitted that he opened the door of the safe and removed some drugs. While this may not be proof beyond a reasonable doubt that there was a "breaking", recently enacted GCR 1963, 785.7(3)(c) provides that the factual basis must "substantially support a finding that the defendant is in fact guilty". Therefore, we find the substantial support required by the court rule is satisfied, especially when we consider that the factual basis is more than adequate in all other respects.

Lastly, by way of supplemental brief, defendant contends that his two convictions are constitutionally infirm because the district court which bound him over for his trials was without jurisdiction to do so. Basically, defendant's claim is that 1968 PA 154, creating the district court and defining the jurisdiction of said courts in criminal cases, violates the "title-object" restriction contained in Const 1963, art 4, § 24 that "no law shall embrace more than one object, which shall be expressed in its title". We need only state in reply to this argument that this question has recently been decided adversely to defendant by a unanimous Supreme Court decision. See *People v Milton,* 393 Mich 234; 224 NW2d 266 (1974).

Affirmed.