## PEOPLE v FARLEY

1. Criminal Law—Plea of Guilty—Waiver of Error—Jurisdictional Error—Discretionary Rulings—Plea-Waiver Doctrine.

   A plea of guilty waives error committed by a trial court in rulings on defense motions made before the plea is offered and accepted unless the result of the right asserted and erroneously denied would have been to deny the court jurisdiction or to prevent the trial from taking place; an error by an examining magistrate in a ruling on a matter over which he has been given discretion can never be the basis for an exception to the plea-waiver doctrine, especially where the defendant did not request any relief from the circuit court regarding the error when he later entered his plea.

2. Criminal Law—Plea of Guilty—Coerced Confessions—Habeas Corpus Petitions.

   A defendant who alleges that he pled guilty because of a prior coerced confession is not, without more, entitled to a hearing on a habeas corpus petition.

Appeal from Jackson, Charles J. Falahee, J. Submitted October 5, 1976, at Lansing. (Docket No. 22159.) Decided May 2, 1977.

Dennis Farley was convicted, on his plea of guilty, of unarmed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce Barton,* Prosecuting Attorney, and *James M. Justin,* Assistant Prosecuting Attorney, for the people.

References for Points in Headnotes
[1] 21 Am Jur 2d, Criminal Law § 495.
[2] 21 Am Jur 2d, Criminal Law §§ 484–486, 505.

*Francis Zebot,* Assistant State Appellate Defender, for defendant.

Before: M. F. Cavanagh, P. J., and R. M. Maher and Beasley, JJ.

Beasley, J. Following a plea bargain, the defendant pled guilty to unarmed robbery, MCLA 750.530; MSA 28.798, and was subsequently sentenced to a term of 8-1/2 to 15 years in prison. He now appeals as a matter of right.

The sole issue raised on appeal is whether the defendant's plea of guilty resulted in a waiver of the error allegedly committed at the preliminary examination by the magistrate. The alleged error cited by the defendant was that the magistrate abused his discretion in denying defendant's motion for a lineup prior to the taking of testimony. The defendant claims that if a fair lineup had been conducted, the witnesses would have been unable to identify the defendant as the perpetrator of the crime and, as a result, he would have been ordered released. Instead, the motion was denied and the witnesses were able to make in-court identifications of the defendant. Because of this fact, the defendant argues that he was left with no viable choice other than to enter into plea negotiations and to enter a plea to a reduced charge.

Even assuming that the magistrate did abuse his discretion in denying defendant's motion, we do not believe that the present circumstances should furnish an exception to the plea-waiver doctrine. A concise statement of this doctrine is found in *People v Nagle,* 59 Mich App 345, 347; 229 NW2d 446 (1975):

"It has long been held in this State that a plea of guilty waives error committed by a trial court in rul-

ings on defense motions made before the plea is offered and accepted * * * The only defects which will be reviewed on the merits following a guilty plea are those that are jurisdictional." See also, *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973).

This doctrine was expanded somewhat in *People v Alvin Johnson,* 396 Mich 424, 443–444; 240 NW2d 729 (1976). There, the Court stated:

"Thus, it is clear that the United States Supreme Court, while recognizing that certain rights of defendant may be waived by a subsequent plea of guilty, does not say that is true of all rights. Certainly it is true that those rights which might provide a complete defense to a criminal prosecution, those which undercut the state's interest in punishing the defendant, or the state's authority or ability to proceed with the trial may never be waived by guilty plea. These rights are similar to the jurisdictional defenses in that their effect is that there should have been no trial at all. The test, although grounded in the constitution, is therefore a practical one. Thus, the defense of double jeopardy, those grounded in the due process clause, those relating to insufficient evidence to bind over at preliminary examination and failure to suppress illegally-obtained evidence without which the people could not proceed are other examples. Wherever it is found that the result of the right asserted would be to prevent the trial from taking place, we follow the lead of the United States Supreme Court and hold a guilty plea does not waive that right."

The error alleged in the present case clearly does not amount to a jurisdictional defect. Nor do we find that this error conforms with the tests set forth in *Alvin Johnson, supra.* The *Alvin Johnson* Court speaks of a "right asserted" which would prevent a trial from taking place. In Michigan, however, a defendant has no constitutional or statutory right to a pretrial lineup. Rather, the

granting of a pretrial lineup is a matter which is addressed solely to the examining magistrate's discretion. See *People v Maire,* 42 Mich App 32; 201 NW2d 318 (1972). We do not believe that the Supreme Court intended an error by an examining magistrate in a discretionary ruling to furnish the basis for an exception to the plea-waiver doctrine.

Moreover, in the present case, the defendant did not request any relief whatsoever from the circuit court regarding the magistrate's denial of a lineup. Instead, he entered a plea of guilty and gave no indication that he had been coerced to so plead. Under these circumstances, the plea-waiver doctrine should preclude further review. In *McMann v Richardson,* 397 US 759; 25 L Ed 2d 763; 90 S Ct 1441 (1969), the Supreme Court held that a defendant who alleged that he pleaded guilty because of a prior coerced confession was not, without more, entitled to a hearing on his habeas corpus petition. The Court reasoned:

"Since we are dealing with a defendant who deems his confession crucial to the State's case against him and who would go to trial if he thought his chances of acquittal were good, his decision to plead guilty or not turns on whether he thinks the law will allow his confession to be used against him." 397 US 759, 768.

In the instant case, defendant's plea of guilty was apparently the result of a determination by defendant and his counsel that the identification testimony of Moy and Trusty would be usable against defendant at trial. Again, the *McMann* analogy is appropriate:

"For the defendant who considers his confession involuntary and hence unusable *[sic]* against him at a trial, tendering a plea of guilty would seem a most

improbable alternative. The sensible course would be to contest his guilt, prevail on his confession claim at trial, on appeal, or, if necessary, in a collateral proceeding, and win acquittal, however guilty he might be.

\* \* \*

His later petition for collateral relief asserting that a *coerced* confession induced his plea is at most a claim that the admissibility of his confession was mistakenly assessed and that since he was erroneously advised, either under the then applicable law or under the law later announced, his plea was an unintelligent and voidable act. The Constitution, however, does not render pleas of guilty so vulnerable." 397 US 759, 768–769 (1969).

For these reasons, we conclude that defendant's plea of guilty in the present case resulted in a waiver of the error claimed to have occurred at the preliminary examination.

Affirmed.