PEOPLE v MANN

Docket No. 77-4699. Submitted January 3, 1979, at Grand Rapids.—
Decided April 16, 1979.

Robert L. Mann was convicted of assault with intent to rob and
steal being armed and possession of a firearm during the
commission of a felony in Kalamazoo Circuit Court, Marjorie
Lee Luna, J. On appeal, defendant claims the trial court erred
by refusing to grant him a *Walker* hearing concerning the
voluntariness of several statements he made to the police, that
the complaining witness's in-court identification was tainted by
an unnecessarily suggestive confrontation at his preliminary
examination and it was error to deny him a lineup. *Held:*

1. Defendant was convicted twice on counts involving identi-
cal proofs; therefore, he was the victim of double jeopardy and
his resulting multiple conviction and multiple punishment
violates both the state and Federal constitutions.

2. A *Walker* hearing is a factual determination of the volun-
tariness of statements made to police officers. The voluntariness
of defendant's statements had been determined in another case
pending against him by a *Walker* hearing and is binding on all
persons under the doctrine of collateral estoppel. Defendant
cannot relitigate this issue.

3. Defendant failed to object to the in-court identification by
the complaining witness and made no showing of manifest
injustice; therefore, this issue was not saved for review.

4. A criminal defendant in Michigan has no constitutional or
statutory right to a pretrial lineup.

Conviction for assault with intent to rob and steal being
armed affirmed; conviction for possession of firearm during the
commission of a felony reversed.

R. B. Burns, J., would hold that both convictions, assault

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 166, 182, 183.
[2] 46 Am Jur 2d, Judgments § 397.
[3, 4] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
   21 Am Jur 2d, Criminal Law §§ 368, 369.
   29 Am Jur 2d, Evidence §§ 371–373.

with intent to rob and steal being armed and possession of a firearm during the commission of a felony, should be affirmed.

OPINION OF THE COURT

1. CRIMINAL LAW — DOUBLE JEOPARDY — SEPARATE COUNTS — IDENTICAL PROOFS — CONSTITUTIONAL LAW.

The prohibition against double jeopardy embodied in the United States and Michigan Constitutions is violated where a defendant is convicted twice on separate counts involving identical proofs; the resulting multiple conviction and multiple punishment cannot be constitutionally condoned (US Const, Am V, Const 1963, art 1, § 15).

OPINION OF R. B. BURNS, J.

2. CRIMINAL LAW — WALKER HEARING — VOLUNTARINESS OF STATEMENTS — COLLATERAL ESTOPPEL.

Collateral estoppel forbids a defendant from relitigating the issue of the voluntariness of several statements made to police officers where in another case pending against him, a Walker hearing was held, and these same statements were determined to be voluntary.

3. CRIMINAL LAW — WITNESSES — IDENTIFICATION — INDEPENDENT BASIS — FAILURE TO OBJECT — APPEAL AND ERROR.

Generally, failure to object to an identification procedure precludes review unless there is a showing of manifest injustice; a defendant fails to preserve this issue for review where he never sought to suppress a subsequent identification made at trial, factors going to the quality of that identification were extensively developed at trial, and application of those factors to the standards for the determination of whether there existed an independent basis for identification indicated an existence of negative and positive factors with no evident preponderance.

4. CRIMINAL LAW — PRETRIAL LINEUPS — CONSTITUTIONAL LAW — STATUTORY RIGHTS.

A criminal defendant has no constitutional or statutory right to a pretrial lineup.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Stephen M. Wheeler,* Chief, Appellate Division, for the people.

*James D. Hills,* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and R. B. BURNS and M. J. KELLY, JJ.

M. J. KELLY, J. We agree with Judge BURNS' opinion and with the affirmance of the conviction for assault with intent to rob and steal being armed, but we are of the opinion that reversal of the felony-firearm conviction is mandated for the reasons stated in Judge KAUFMAN's dissent in *People v Drake Johnson,* 85 Mich App 752; 272 NW2d 599 (1978).

D. E. HOLBROOK, JR., P.J., concurs.

R. B. BURNS, J. Defendant was convicted by a jury of assault with intent to rob and steal being armed, MCL 750.89; MSA 28.284, and possession of a firearm during the commission of a felony, MCL 750.227(b); MSA 28.424(2). Defendant appeals and we affirm.

Beryle Harris, the complaining witness, testified that he was a truck driver, and forced off I-94 by a blizzard. He checked into a motel and was assigned to the ground floor. Returning to his room from a nearby restaurant, he observed a black male get out of an automobile and walk in front of him along the walk. As the witness approached his room the person turned around and walked right up to the witness. The witness said "hi" and the man said "open the door". At this time the man was within two feet of the witness and the witness looked right at him. The witness then said "what?" and the man repeated "open the door". The man had a gun in his right hand. The witness turned towards the door and the man came up behind him, pushing, and said "hurry up and open

the door or I will blast you". The witness inserted the key in the door and just as he opened the door he wheeled around and hit the man in the mouth, knocking him across the driveway. After the man stopped rolling he got up on his knees and shot the witness in the left shoulder.

The witness testified that he got a good look at the man when he faced him in front of the door and when the man was on his knees just prior to the shot. The witness especially noticed the man's eyes. The witness identified defendant as the man who shot him.

Defendant first argues that the trial court erred by refusing to grant him a *Walker*[1] hearing in this case. Defendant had made several statements to the police. In another case pending against defendant, a *Walker* hearing was held, and the same statements determined to be voluntary. The trial court in this case correctly ruled that collateral estoppel forbids defendant from relitigating this issue. *People v Gray*, 393 Mich 1; 222 NW2d 515 (1974).

Defendant next argues that the complaining witness's in-court identification was tainted by an unnecessarily suggestive confrontation at the preliminary examination. See *People v Solomon*, 391 Mich 767; 214 NW2d 60 (1974). At the preliminary examination, the witness saw defendant shackled and in the company of police officers. Defendant was the only black person in the room, was seated next to defense counsel, and responded affirmatively when the magistrate asked "Is Robert Lee Mann present?".

Although defendant moved to strike the identification at the preliminary examination, defendant

---

[1] *People v Walker (On Rehearing)*, 374 Mich 331; 132 NW2d 87 (1965).

never sought to suppress the subsequent identification made at trial. Factors going to the quality of that identification were extensively developed at trial. Application of those factors to the standards for the determination of whether there existed an independent basis for identification, *People v Kachar,* 400 Mich 78; 252 NW2d 807 (1977), indicates there exist negative and positive factors with no evident preponderance. Ordinarily, failure to object to an identification procedure precludes review. See, *e.g., People v Moss,* 397 Mich 69; 243 NW2d 254 (1976). Since we detect no manifest injustice, we find defendant has failed to preserve this issue for review. We express no opinion as to whether the prior confrontation was unnecessarily suggestive.

Defendant also complains that it was error to deny him a lineup. The complaining witness was in a hospital at the time defendant was arrested, and left the area as soon as he was released from the hospital. Defendant was not entitled to a lineup as a matter of right. *People v Farley,* 75 Mich App 236, 238; 254 NW2d 853, 855 (1977). There was no error.

Defendant's other claims have been considered, but do not merit discussion.

Affirmed.