PEOPLE v SEATON

Docket No. 49456. Submitted February 11, 1981, at Detroit.—Decided May 6, 1981.

Parnell Seaton was convicted of armed robbery in Recorder's Court of Detroit, Dalton A. Roberson, J. Defendant appeals.
*Held:*

1. Defendant requested to represent himself while his defense counsel argued all pretrial motions. A criminal defendant's request to represent himself should not be granted where it is not: unequivocal; knowingly, intelligently and voluntarily made; or would result in undue disruption of the administration of the court's business. The court did not abuse its discretion in denying defendant's request.

2. The court did not err in denying a continuance after it allowed defendant to dismiss his retained counsel and proceed with a court-appointed attorney. The record does not disclose inadequate preparation of counsel or prejudice to defendant resulting from the ruling. Further, defendant refused to cooperate with his counsel until a day and a half before trial and was uncooperative and unruly during trial.

3. The court did not err in consolidating the case with three counts of first-degree criminal sexual conduct, two other counts of armed robbery, and felony-firearm which arose out of the same criminal continuum of activity and involved mutual witnesses.

4. Defendant was not denied his right to compulsory process by the failure to secure the presence of certain alibi witnesses. Defendant failed to file a timely notice of alibi and was dilatory in presenting the names of the witnesses to the court. Further, the record reveals that a number of alibi witnesses did testify,

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 310.

Accused's right to represent himself in state criminal proceedings— modern state cases. 98 ALR3d 13.

Right of defendant in criminal case to conduct defense in person, or to participate with counsel. 77 ALR2d 1233.

[2] 21 Am Jur 2d, Criminal Law § 311.

[3] 41 Am Jur 2d, Indictments and Informations §§ 209, 213–231.

and none of them stated that they had seen the missing witnesses during the time with which the alibi was concerned.

Affirmed.

1. CRIMINAL LAW — TRIAL — SELF-REPRESENTATION.

A criminal defendant's request to represent himself should not be granted where it is not: unequivocal; knowingly, intelligently and voluntarily made; or would result in undue disruption of the administration of the court's business.

2. CRIMINAL LAW — TRIAL — SELF-REPRESENTATION.

A criminal defendant does not have a right to share trial defense responsibilities.

3. CRIMINAL LAW — JOINDER — TRIAL.

There is no error in joining for trial charges of separate offenses arising out of the same criminal continuum of activity involving mutual witnesses but with separate complaining witnesses for each.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Frank J. Bernacki,* Assistant Prosecuting Attorney, for the people.

*Janet M. Tooley,* Assistant State Appellate Defender, for defendant on appeal.

Before: M. J. KELLY, P.J., and V. J. BRENNAN and T. M. BURNS, JJ.

PER CURIAM. Defendant appeals as of right his October 4, 1979, jury conviction of armed robbery. MCL 750.529; MSA 28.797. On October 18, 1979, defendant was sentenced to a term of life imprisonment.

Defendant raises a number of issues in this appeal. He first argues that the lower court erred in refusing to permit him to represent himself at trial. We have reviewed the record and find that it supports the action of the lower court.

In *People v Anderson,* 398 Mich 361; 247 NW2d 857 (1976), the Michigan Supreme Court held that a defendant's request to represent himself should not be granted where it is not: unequivocal; knowingly, intelligently and voluntarily made; or would result in undue disruption of the administration of the court's business.

The record reflects that the defendant's request to proceed *pro se* at trial was not unequivocal. Rather, defendant wished to share the responsibility of representation with defense counsel. That is, defendant sought to have the lower court judge permit defendant's counsel to argue all pretrial motions.

A defendant does not have the right to share trial defense responsibilities. *People v William Ramsey,* 89 Mich App 260; 280 NW2d 840 (1979). It further appears from the record that the granting of defendant's request would have substantially disrupted the orderly process of trial. Therefore, the lower court did not abuse its discretion in denying defendant's request to represent himself.

Nor can we say that the lower court erred in denying defendant's request for an adjournment in order to permit defense counsel to prepare for trial. Originally, defendant retained counsel to represent him. However, approximately two weeks prior to trial, defendant sought and was granted permission to discharge his retained counsel. At that time, the trial judge appointed an attorney to represent defendant. Defendant requested a trial adjournment of 30 days in order to permit counsel to prepare himself for trial. The trial judge denied defendant's request leaving defense counsel approximately two weeks in which to prepare for trial.

We find that the record does not support defen-

dant's claim that defense counsel was inadequately prepared for trial. Much less does the record support defendant's argument that any prejudice resulted from the trial judge's denial of his request for a 30-day adjournment.

Defendant had a two-week period in which to present his counsel with the names and addresses of potential alibi witnesses. However, instead of aiding in the preparation of his defense, defendant withheld this information from his attorney until the night of September 24, 1979, just 1-1/2 days before trial. This is so despite the fact that defense counsel had visited defendant on several occasions prior to that date. Finally, the transcript reveals that defendant was unruly and uncooperative during trial. Therefore, we hold that the lower court did not err in promptly advancing this matter towards trial.

We summarily reject defendant's argument that the lower court erred in granting the prosecutor's motion to consolidate the instant case with the trial of a matter in which defendant was charged with three counts of criminal sexual conduct in the first degree, MCL 750.520b; MSA 28.788(2), two counts of armed robbery and violation of the felony-firearm statute, MCL 750.227b; MSA 28.424(2). These offenses were part of the same criminal continuum of activity that encompassed the present case. However, they involve separate complaining witnesses. The trial judge granted the prosecutor's motion because these cases arose out of the same criminal transaction, they had a mutual witness and "the only difference is Miss Nelms would not be called in the other case". We find that consolidation of these cases was not error. *People v Grant,* 102 Mich App 368; 301 NW2d 536 (1980).

Defendant next claims that the trial judge's failure to insure the presence at trial of certain alibi witnesses denied his right to compulsory process. The record reveals that defendant failed to file a timely notice of alibi as required by the applicable statute. MCL 768.20, 768.21; MSA 28.1043, 28.1044. In fact, defendant did not even give his counsel the names of all of his alibi witnesses until 1-1/2 days prior to trial. Thus, it appears that the absence of any potential favorable defense witness was because defendant was dilatory in presenting the names of his witnesses to the court.

It should be noted that a number of witnesses did testify on behalf of defendant in his attempt to establish an alibi and that defendant was able to present his defense fully. Furthermore, none of the witnesses who did testify on behalf of the defendant stated that they had seen the alleged missing alibi witnesses during the period of time with which the alibi defense was concerned. Accordingly, it appears that the absence of these missing alibi witnesses did not substantially prejudice defendant's case.

Defendant's contention that his arrest was illegal and the evidence obtained thereby should have been suppressed at trial is meritless. The trial judge did not abuse his discretion in finding that there was probable cause to arrest defendant. *People v Flores,* 92 Mich App 130, 133-134; 284 NW2d 510 (1979). Further, sufficient exigent circumstances existed to justify the warrantless entry of defendant's home to effectuate his arrest. *People v Beachman,* 98 Mich App 544; 296 NW2d 305 (1980).

Defendant's claim that the lower court erred in admitting in-court identifications of him where

they were allegedly the products of a series of suggestive pretrial identification procedures has not been properly preserved for appellate review. *People v Mann,* 89 Mich App 511; 280 NW2d 577 (1979). Nonetheless, it appears that the in-court identifications by all three complainants originated from an adequate independent basis. *People v Kachar,* 400 Mich 78; 252 NW2d 807 (1977).

Defendant's claim that the trial judge foreclosed the rereading of testimony to the jury and that there was insufficient evidence introduced at trial to support his conviction for armed robbery both are without merit. The record does not reflect that the trial judge either instructed or intimated to the jury that trial testimony would not be reread where necessary. Further, we find that the trial proofs are not lacking as to the elements of felonious intent and taking without consent and against the will of the owner so as to be insufficient to support defendant's conviction of armed robbery. *People v Elijah Smith,* 68 Mich App 551; 243 NW2d 681 (1976), *remanded in part on other grounds* 397 Mich 864 (1976).

Defendant's conviction is affirmed.